Filed 9/17/25  P. v. Davenport CA2/2
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RONALD PAUL DAVENPORT,<br><br>        Defendant and Appellant. | B332378<br><br>(Los Angeles County<br>Super. Ct. No. SA017777) |

        APPEAL from an order of the Superior Court of Los Angeles County, Lauren Weis Birnstein, Judge.  Reversed and remanded.

        Susan Morrow Maxwell, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant

Attorney General, William H. Shin and Christopher G. Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Ronald Paul Davenport (defendant) currently appeals the denial of his request for resentencing pursuant to Penal Code section 1172.75.[1] In our original nonpublished opinion, filed February 19, 2025, we dismissed defendant's appeal finding the trial court lacked jurisdiction to adjudicate defendant's petition, and, therefore, we lacked jurisdiction to hear the appeal.

Our Supreme Court granted review and thereafter transferred the matter to this court with directions to vacate our prior decision and reconsider the cause since learning of defendant's name being included on the "list of names sent to the Los Angeles County Superior Court" by the California Department of Corrections and Rehabilitation (CDCR). (Cal. Rules of Court, rule 8.528(d).) We reverse and remand to the trial court.

## BACKGROUND

**Defendant's 1996 conviction**

In 1996, a jury convicted defendant of possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)). The court found true two prior strike allegations (§ 667, subd. (b)–(i)) and three prior prison term enhancement allegations (§ 667.5, subd. (b)). The three prior prison term enhancements were stayed, and defendant was sentenced to 25 years to life in

---

[1]     All further undesignated statutory references are to the Penal Code.

prison pursuant to the "Three Strikes" law.  The judgment was affirmed on appeal in *People v. Davenport* (Oct. 28, 1997, B103775) (nonpub. opn.).

**Section 1172.75 petition proceedings**

On October 25, 2022, defendant filed an in pro. per. petition for resentencing pursuant to former section 1171.1 (now section 1172.75).[2]  Upon receipt of the petition, the trial court appointed counsel for defendant, who, on March 27, 2023, briefed the issue of whether resentencing relief pursuant to section 1172.75 was available to those defendants whose section 667.5, subdivision (b) enhancements were imposed *but* stayed.  The court continued the hearing to May 24, 2023, to allow the prosecutor time to file a response.[3]  At the hearing, the court found defendant had failed to make a prima facie showing of eligibility for resentencing under Senate Bill No. 483 (2021–2022 Reg. Sess.) and section 1172.75 because his prior prison term enhancements had been imposed and stayed, rather than imposed and executed.

Defendant filed a timely notice of appeal from the May 24, 2023 ruling.

**Defendant's appeal**

After reviewing the briefs and appellate record, and finding no letter from the CDCR identifying defendant as an individual whose sentence includes a now-invalid section 667.5, subdivision (b) enhancement, we asked the parties to brief the issue of whether the trial court had jurisdiction to even hold proceedings

---

[2]     The title of defendant's petition states it was filed pursuant to section 1171.1, which was renumbered section 1172.75.  (See Stats. 2022, ch. 58, § 12.)

[3]     No such response appears in the record before us.

3

pursuant to section 1172.75. This court then dismissed the appeal, finding the trial court lacked jurisdiction because the record contained no evidence defendant was referred to the court by the CDCR as required by section 1172.75.

**Supreme Court review**

Defendant petitioned the California Supreme Court for review. The Attorney General informed the court defendant's name was indeed on a CDCR list[4] of "[i]nmates with a Penal Code Section 667.5(b) prior to 01JAN2020." On June 11, 2025, the court granted review and returned the matter to this court with directions to vacate our decision and reconsider the cause in light of the Attorney General's discovery.

The parties provided supplemental letter briefs in response to the Supreme Court's transfer. Citing the recent decision in *People v. Rhodius* (2025) 17 Cal.5th 1050 (*Rhodius*), the Attorney General now concedes a defendant whose section 667.5, subdivision (b) enhancement was stayed is eligible for section 1172.75 resentencing consideration. The Attorney General urges this court, however, to affirm the trial court's denial of defendant's petition arguing defendant is ineligible for resentencing relief because his three section 667.5, subdivision (b) enhancements were for "sexually violent offense[s,] as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code" (§ 1172.75, subd. (a)). Defendant, on the other hand, argues the case must be remanded for a new hearing because the "sentencing court must 'review the judgment and verify that the

---

4       The CDCR list was attached to the Attorney General's answer as exhibit 1.

4

current judgment includes a sentencing enhancement described in subdivision (a).'" (*Rhodius, supra*, at p. 1055.)

## DISCUSSION

### I.    Standard of review and applicable legal principles

"The proper interpretation of a statute is a question of law we review de novo." (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) "Whether section 1172.75 entitles [a defendant]—who is currently serving time on an abstract of judgment that includes a stayed but now invalid section 667.5, subdivision (b) enhancement—to a full resentencing is a question of law that we review de novo, under well-settled standards of statutory interpretation." (*People v. Christianson* (2023) 97 Cal.App.5th 300, 308.)

With the enactment of Senate Bill No. 136 (2019–2020 Reg. Sess.) (eff. Jan. 1, 2020), the Legislature amended subdivision (b) of section 667.5 to impose a one-year enhancement for each prior prison term served for conviction of a sexually violent offense. (Stats. 2019, ch. 590, § 1.) Effective January 1, 2022, the Legislature made the change retroactive, declaring "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (Former § 1171.1, subd. (a), added by Stats. 2021, ch. 728, § 3, now § 1172.75, subd. (a).)

Through its recent decision in *Rhodius, supra*, 17 Cal.5th 1050, our Supreme Court resolved a split of authority on whether section 1172.75 applies to section 667.5, subdivision (b) enhancements that were stayed. The court found relief is available to eligible defendants regardless of whether their now-

invalid enhancements were executed or stayed. (*Rhodius*, at p. 1063.)

The Supreme Court explained the statutory language and legislative history showed no intent to distinguish between executed and stayed enhancements. (*Rhodius, supra*, 17 Cal.5th at p. 1066.) Thus, when an enhancement is retroactively invalidated, "resentencing under section 1172.75" is mandated "according to the procedures set forth therein." (*Id.* at p. 1068.)

## II. It was error to deny relief based strictly on defendant's enhancements being stayed

The central issue is whether the trial court erred in denying defendant's section 1172.75 petition on the ground defendant's prior prison term enhancements under section 667.5, former subdivision (b) had been stayed. The Supreme Court's analysis in *Rhodius* directly governs this case.

Here, defendant's three section 667.5, subdivision (b) enhancements were undisputedly imposed in 1996—well before the January 1, 2020 cutoff date. As discussed, the fact that they were stayed rather than executed does not remove them from section 1172.75's scope.

## III. Remand is appropriate

As the trial court denied defendant's petition without following the procedures of section 1172.75, subdivision (c), specifically, not considering whether defendant's sentence includes a "legally invalid" enhancement as defined in subdivision (a) of section 1172.75, we must reverse the trial court's order and remand the matter to allow the trial court to consider whether defendant's sentence includes a now-invalid prior prison term enhancement as defined in section 1172.75, subdivision (a).

6

The trial court will have to address whether defendant's enhancements were based on "sexually violent offenses" within the meaning of Welfare and Institutions Code section 6600, subdivision (b).  (*Rhodius, supra*, 17 Cal.5th at p. 1055 ["the sentencing court must 'review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a)'"].)

If the underlying prior convictions were due to sexually violent offenses, the enhancements would remain valid under section 1172.75, subdivision (a)'s express exception.  If, however, the court determines defendant's sentence includes an invalid enhancement, the court "shall recall the sentence and resentence the defendant" and comply with the procedures set forth in subdivision (d)(1).  (§ 1172.75, subds. (c) & (d).)

## DISPOSITION

The May 24, 2023 order denying defendant a hearing on his section 1172.75 petition is reversed.  The cause is remanded to the trial court for consideration of defendant's eligibility for resentencing pursuant to section 1172.75, subdivision (c) and any further proceedings required after such determination.  We express no view on defendant's eligibility for relief.


CHAVEZ, J.


We concur:


LUI, P. J.                                    RICHARDSON, J.


7